IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SDS INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-314C |
| | ) | (Judge Sweeney) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint of plaintiff, SDS International, Inc. ("SDS"), defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the second sentence of paragraph 1 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 1.

2. The allegations contained in the first sentence of paragraph 2 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation contained in the second sentence of paragraph 2 that a change in the Air Force's requirements was one reason for the Air Force's decision to terminate SDS's performance of the task order; denies the remaining allegations contained in the second sentence of paragraph 2. Admits the allegations contained in the third sentence of paragraph 2. Denies the allegations contained in the fourth sentence of paragraph 2. Denies the allegations contained in the fifth sentence of paragraph 2. Admits the allegations

contained in the sixth sentence of paragraph 2 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the sixth sentence of paragraph 2. The allegations contained in the seventh sentence of paragraph 2 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the eighth sentence of paragraph 2. Denies the allegations contained in the ninth sentence of paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the tenth, eleventh, and twelfth sentences of paragraph 2.

3. Admits the allegations contained in the first sentence of paragraph 3. Admits the allegations contained in the second sentence of paragraph 3 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 3.

4. Admits the allegations contained in paragraph 4 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 5.

6. Admits the allegations contained in the first sentence of paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 6. The allegations contained in the second sentence of paragraph 6 constitute conclusions of law, to which no answer is required; to

the extent they may be deemed allegations of fact, they are admitted.

7. The allegations contained in the first and second sentences of paragraph 7 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by 48 C.F.R. §52.212-4, which is the best evidence of its contents; otherwise, they are denied. Admits the allegations contained in the third sentence of paragraph 7 to the extent supported by 48 C.F.R. §52.212-4, which is the best evidence of its contents; otherwise, denies the allegations contained in the third sentence of paragraph 7.

8. Denies the allegations contained in the first sentence of paragraph 8. Avers that on July 28, 2006, the Air Force issued Task Order No. 0002. Admits the allegations contained in the second and third sentences of paragraph 8 the extent supported by Task Order No. 0002, which is the best evidence of its contents; otherwise, denies the allegations contained in the second and third sentences of paragraph 8.

9. Admits the allegation contained in the first sentence of paragraph 9 that prior to issuing the Second Task Order, the Air Force had issued Task Order No. 0001. Admits the remaining allegations contained in the first sentence of paragraph 9 to the extent supported by Task Order No. 0001, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in the first sentence of paragraph 9. Denies the allegations contained in the second sentence of paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by Task Order No. 0002, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by Section 3.1 of the Statement of Work for Task Order No. 0002, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by Section 3.2 of the statement of work for Task Order No. 0002, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by Section 3.2.1 through 3.2.11 of the Statement of Work for Task Order No. 0002, which are the best evidence of their contents; otherwise, denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by Section 3.2.12 of the Statement of Work for Task Order No. 0002, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 14.__

15. Admits the allegations contained in the first sentence of paragraph 15 to the extent supported by Section 4.0 of the Statement of Work for Task Order No. 0002, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 15. Admits the allegations contained in the second and third sentences of paragraph 15 to the extent supported by Section 4.1.1 of the Statement of Work for Task Order No. 0002, which is the best evidence of its contents; otherwise, denies the allegations contained in the second and third sentences of paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by Section 5.0 of the Statement of Work for Task Order No. 0002, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by Section 5.0 of the Statement of Work for Task Order No. 0002, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by Section 5.0 of the Statement of Work for Task Order No. 0002, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by Section 5.0 of the Statement of Work for Task Order No. 0002, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 19.

20. Admits the allegations contained in the first sentence of paragraph 20 to the extent supported by Section 5.0 of the Statement of Work for Task Order No. 0002, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 20. Denies the allegations contained in the second sentence of paragraph 20.

21. Admits the allegations contained in paragraph 21 to the extent supported by Appendix 2 of the Statement of Work for Task Order No. 0002, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 21.

22. Denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by Task Order No. 0002, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Admits the allegation contained in the first sentence of paragraph 25 that SDS proposed to bill the Air Force for partial payments during the ten month performance period; denies the remaining allegations contained in the first sentence of paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 25. Avers that the contacting officer stated that SDS could utilize a percentage of completion as a basis for payment.

26. Denies the allegation contained in paragraph 26 that SDS estimated a percentage of project completion "based upon the contracting officer's request." Denies the remaining allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Denies the allegations contained in paragraph 27.

28. Admits the allegations contained in the first sentence of paragraph 28. Denies the allegations contained in the second sentence of paragraph 28.

29. Denies the allegations contained in the first sentence of paragraph 29. Admits the allegation contained in the second sentence of paragraph 29 that the Air Force indicated that it was displeased with the quality of the deliverables; denies the remaining allegations in the second sentence of paragraph 29.

30. The allegations contained in the first sentence of paragraph 30 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 30.

31. Admits the allegations contained in paragraph 31.

32. Admits the allegations contained in the first sentence of paragraph 32. Admits the allegation contained in the second sentence of paragraph 32 that a change in the Air Force's requirements was one reason for the Air Force's termination decision; denies the remaining allegations contained in the second sentence of paragraph 32. Admits the allegations contained in the third sentence of paragraph 32.

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegation contained in the first sentence of paragraph 35 that SDS submitted Invoice No. 5880 prior to receiving the Stop Work Order. Admits the remaining allegations contained in the first sentence of paragraph 35. Avers that SDS also submitted Invoice No. 5799. Denies the allegations contained in the second sentence of paragraph 35.

36. Denies the allegations contained in paragraph 36.

37. Denies the allegations contained in paragraph 37.

38. Denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39.

40. Admits the allegations contained in paragraph 40 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 40.

41. Admits the allegation contained in paragraph 41 that SDS's termination settlement proposal included approximately $385,697 to the extent supported by the settlement proposal cited, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 41 that SDS's termination settlement proposal included approximately

$385,697. The remaining allegations contained in paragraph 41 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. Admits the allegations contained in paragraph 42 to the extent supported by SDS's termination settlement proposal, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 42.

43. Denies the allegations contained in the first sentence of paragraph 43. Admits the allegations contained in the second, third, and fourth sentences of paragraph 43.

44. Denies the allegation contained in the first sentence of paragraph 44. Avers that by letter dated August 29, 2007, SDS forwarded a document entitled "work completion summary" to the Air Force. Denies the allegations contained in the second sentence of paragraph 44 for lack of knowledge or information sufficient to form a belief as to their truth.

45. Denies the allegations contained in paragraph 45.

46. Admits the allegations contained in paragraph 46.

47. Admits the allegations contained in paragraph 47 to the extent supported by the Final Decision cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 47.

48. Denies the allegations contained in paragraph 48. Avers that the Air Force also paid SDS $163,337.46 in response to Invoice No. 5799.

49. The allegations in paragraph 49 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

50. Defendant's responses to paragraphs 1 through 49 of the complaint are incorporated by reference.

51. The allegations contained in the first sentence of paragraph 51 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are admitted.

52. Denies the allegations contained in paragraph 52.

53. The allegations contained in paragraph 53 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

54. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 53, or to any relief whatsoever.

55. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

56. Plaintiff's claims are totally or partially barred by the doctrine of payment.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Patricia M. McCarthy
PATRICIA M. McCARTHY
Assistant Director

OF COUNSEL:
Captain Christy J. Kisner
United States Air Force
Contracts Litigation Division
1501 Wilson Blvd., Suite 612
Arlington, VA 22209

s/ Tara Kilfoyle
TARA KILFOYLE
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-1709
Fax: (202) 307-0972

August 11, 2008

**CERTIFICATE OF FILING**

I hereby certify that on the 11th day of August, 2008, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Tara J. Kilfoyle